UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NINA EUANS | :::: |
| Plaintiff, | ::::Case No. 2:08-CV-514 : |
| vs. | Judge Sargus |
| PROGRESSIVE MEDICAL, INC. | Magistrate Judge King |
| Defendant. | |

_____

**STIPULATED PROTECTIVE ORDER**
_____

Plaintiff Nina Euans and Defendant Progressive Medical, Inc. (the "parties"), through their attorneys, having stipulated and agreed to the entry of a Protective Order. The Court finding that good cause supports the entry of this Protective Order, and that justice so requires,

NOW, THEREFORE,

1. CONFIDENTIAL documents, information, or testimony, for purposes of this Order, means any document, information, or testimony designated by Plaintiff or Defendant as CONFIDENTIAL whether said documents, information, or testimony are produced or revealed in formal or informal discovery, hearing, or trial (whether in the form of testimony, deposition testimony, transcripts, interrogatory answers, document production, responses to requests to admit, or otherwise) or in any motion, pleading, affidavit, brief, or other document submitted to the court.

2. All documents, information, or testimony designated as CONFIDENTIAL shall be produced by the parties during discovery, provided that: (a) such documents, information, and testimony shall be used and disclosed only in trial, preparation for trial, or any appeal in this action and shall not be used or disclosed by the parties or any other person subject to this Order for any other reason whatsoever and (b) all such documents and information or copies or written or typed summaries thereof will remain at all times during the course of this action in the custody of counsel (unless filed with the Court as described in paragraph 6 of this Order) until returned pursuant to paragraph 5 of this Order.

3. Documents and information deemed by the parties to be confidential under this Order shall have endorsed on the document and/or any copies provided to opposing counsel the word "CONFIDENTIAL." Testimony deemed to be confidential by a party under this Order shall be so designated by the party on the record and such testimony shall be separately recorded and maintained by the stenographic reporter subject to the other provisions of this Order. The failure of a party to challenge the designation of CONFIDENTIAL at the time of its disclosure shall not be deemed a waiver of the right to challenge the propriety of such designation any time thereafter. The failure of a party to designate documents, information, or testimony as CONFIDENTIAL at the time of production or revelation shall not preclude later designation. From the time such post-production or post-revelation designation is made, it shall have the same effect as if each individual item designated on a post-production or post-revelation basis was in fact designated as set forth in this paragraph at the time of production or revelation. Notice of such post-production or post-revelation designation shall be given in writing to all parties to whom such documents, information, or testimony have previously been furnished.

4. Documents or the substance or contents of documents and information designated as CONFIDENTIAL by a party as well as all notices and memoranda relating thereto, and information derived therefrom, shall be used and disclosed only in trial, preparation for trial, or any appeal in this action and only to the following persons:

    (a) The parties and counsel of record for the parties and their associates or co-counsel;

    (b) Experts or other individuals retained or otherwise engaged by either party for purposes of testifying or consulting in this action;

    (c) Employees of any person described in (a)-(b) above who provide services of *any* kind for purposes of trial, preparation for trial, or appeal in this action;

    (d) Judges and juries and stenographic reporters to the extent necessarily incident to trial, preparation for trial, or appeal.

The parties agree that disclosure to the persons described in (a)-(d) above is conditioned upon those persons being bound by the terms of this Order. The parties further agree that disclosure by counsel to any person described in (b) above is conditioned upon that person having executed the agreement attached as Exhibit A hereto and that counsel will promptly file all agreements so executed with the Court at the request of opposing counsel.

5. Within 30 days of the termination of this action, whether by judgment, final decision on appeal, or otherwise, each party shall return, through his or its counsel, to the opposing party as applicable all copies of any documents that have been designated as CONFIDENTIAL or that are otherwise subject to the terms of this Order and will retain no such documents or copies thereof for any purposes.

6. All documents or parts thereof or testimony directly relating thereto that have been designated as CONFIDENTIAL and that are submitted to the Court prior to trial shall be contained in a sealed envelope or envelopes on which shall be noted the caption of this case, the nature of the contents, the word CONFIDENTIAL and the following statement:

> This envelope contains material that was filed by [name of party] in Civil Action No. 2:08-CV-514 and is not to be opened by, nor may its contents be displayed or revealed to, anyone other than the Court or counsel in this case, except as otherwise directed by this Court.

Such sealed documents shall be maintained in such condition by the Clerk subject to access and use for this action by the Court or counsel.

7. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents, testimony or other discovery material, or relief from this Order with respect to particular documents, testimony or other discovery material designated hereunder as CONFIDENTIAL.

8. Any inadvertent production or disclosure of material subject to any applicable privilege or work product immunity shall not be a waiver of such privilege or immunity. Immediately upon notice of the disclosure, any privileged or work product material inadvertently disclosed shall be returned, and counsel for the receiving party shall refrain from any further discussion, disclosure, and sharing of the inadvertently disclosed material or the content thereof with the receiving party or anyone other than persons employed by or with counsel for the receiving party. The receiving party and/or counsel for the receiving party shall make no copies of the inadvertently disclosed material.

FOR GOOD CAUSE, IT IS SO ORDERED this 19th day of May, 2009.

                                                                                *s/Norah McCann King*
                                                                 United States Magistrate Judge

EXHIBIT A

READ CAREFULLY BEFORE SIGNING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NINA EUANS | :::: |
| | ::::Case No. 2:08-CV-514 |
| Plaintiff, | : |
| | Judge Sargus |
| vs. | |
| | Magistrate Judge King |
| PROGRESSIVE MEDICAL, INC. | |
| Defendant. | |

_____

**AGREEMENT TO COMPLY WITH
STIPULATED PROTECTIVE ORDER**
_____

      I have read and understand the Stipulated Protective Order filed on _____, in this case. I have had the opportunity to discuss with an attorney for a party in this case any questions that I may have had about the Stipulated Protective Order and those questions have been answered to my satisfaction.

      I understand that, upon execution of this Agreement To Comply With Stipulated Protective Order and forever after, I am required by law to comply with the terms of the Stipulated Protective Order and prohibited by law from using or disclosing any documents and information designated as "CONFIDENTIAL," except under one of the circumstances described in paragraph 4 of the Stipulated Protective Order.

I am voluntarily executing this Agreement.

                                                         _____

Sworn to before me and signed in my presence this _____day of _____, 2009.

                                               _____
                                               Notary Public

                                               My commission expires: _____